IN THE
UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

Terry Wagner,                          )
                                       )
        Plaintiff,                     )
                                       )
-vs-                                   )
                                       )
Governor Quinn                         )
Director Godinez (of IDOC)             )
Wexford Health Source Inc              )
Ken O'Hallan President                 )
Elaine Gedman Vice President           )   Case No.
Darryl Edward                          )
Louis Strickler IDOC MD                )
Dr. Ghosh                              )
Dr. Carter                             )
Dr. Baker                              )
Ms. Fuqua                              )
Ms. Olayiaka                           )
Ms. Shoemaker                          )
Tara Goins                             )
Joe and Jane Doe Counselors            )
                                       )
        Defendant (s)                  )   JURY TRIAL REQUESTED
                                       )

## PLAINTIFF'S 1983 COMPLAINT

Plaintiff, Terry Wagner filed his complaint against the following current and past employees of Wexford Health Source Inc and of the Illinois Department Of Corrections working at Stateville and Western Correctional centers: Governor Quinn, Director Godinez, Wexford, Ken O'Hallan, Elaine gedman, Darryl Edward, Louis Strickler, Dr. Ghosh, Dr. Carter, Dr. Baker, Ms. Fuqua, Ms. Olayiaka, Ms. Showmaker, Tara Goins, and Joe or Jane Doe Counselors. (Collectively Defendants) alleges as follows:

### NATURE OF THE CASE

1. This civil action and this section is brought pursuant to 42 U.S.C. Section 1983, to redress the deprivation under the color of law of Mr. Wagner's secured rights by the first and eighth amendment, the Defendants' deprived Mr. Wagner of his rights. Under the first amendment, (1) Wagner filed nume-

Lawsuit 2

rous grievances st Stateville and Western C.C and the grievances were never answered and they would disappear in the possession of the Counselors and the Grievance Officers at both Correctional Centers. This leaving Mr. Wagner no avenue to exhaust his claims against the above defendants. Wagner's second first amendment violation is when the defendants acted in retaliation against him, when he would complained about being denied medical care.

2. Under the eight amendment Mr. Wagner's rights were violated by the defendants' tortous conduct and deliberate indifference, when they intentionally served him a large amount of soy products over the years, as a result Mr. Wagner has suffered chronic and painful constipation, sharp pains in his digestive tract. The defendants' refuses to eliminate Mr. Wagner's soy intake and refuses to adequately treat Mr. Wagner's medical problems. Mr. Wagner has been spitting up blood for years and complaints of his throat hurting and dry. The defendants' refuses to provide adequate medical care to combat Wagner's above medical conditions. The defendants' are using cruel and unusual punishment antics and are deliberate indifference to Mr. Wagner's medical needs.

3. That the defendants continues to fail to adequately respond in a timely manner to Mr. Wagner's serious medical health conditions. This constitutes violations of Mr. Wagner's rights under the first and eighth amendment to the constitutions of the United States.

## JURISDICTION AND VENUE

4. Mr. Wagner's civil rights were violated by the defendants actions while he was incarcerated at Stateville and Western C.C. This Court has Jurisdiction under 28 U.S.C. § 1331 and 42 US.C. § 1983.

5. Venue is appropriate under 28 U.S.C. § 1391m, because the events giving rise to this claim alleged herein occurred in this District and the Northern District.

## PARTIES

6. Plaintiff, Terry Wagner, is an inmate in the custody of the IDOC at Western C.C Mt. Sterling Illinois. he has exhausted all administrative grievances procedures that were available to him and with respect to the claims made herein.

7. Defendant Quinn, he is the Governor of the State Of Illinois, and at all relevent time he was aware of and participated in the production of Soy products and the denial of Mr. Wagner's medical care at Stateville and Western Coorectional Center. Defendant Quinn is being sue in his individual capacity.

8. Defendant Godinez at all relvant to allegation against him, he served as the Director of IDOC. Godinez was aware of and participated in the production of the Soy products in IDOC and the denial of Mr. Wagner's medical care at Stateville and Western Correctional centers. Defendant Godinez is being sued in his individual capacity.

9. Defendant Wexford health Sources Inc, £Wexford· is a Florida corporation with its prinicipal place of business in the State of Pennsylvania, Wexford has been qualified to do busness in the State of Illinois since July 27, 1992. At all times relevant to the allegations, Wexford has had a contract with the State of Illinois to provide health care services to inmates in the Department of Correction. Wexford being sued in their individual capacity.

10. Defendant O'hallan at all relevant to allegation against him he served as President of Wexford Health Source. O'Hallan was aware of and participated in the denial of Mr. Wagner's medical care at Stateville and Western

3

C.C. Defendant O'Hallan is being sued in his individual capacity.

11. Defendant Gedman at all relevant to allegation against her served as Vice president of Wexford health Sources. Gedman was aware and participated in the denial of Mr. Wagner's medical care at Stateville and Western C.C. Defendant Gedman is being sued in her individual capacity.

12. Defendant Edwards at all relevant to allegations against him served as an Assistant Warden at Stateville Correctional. Defendant Edwards was aware of and participated in the denial of Mr. Wagner's medical care at Stateville Ctr. Defendant Edwards is being sued in his individual capacity.

13. Defendant Strickler at all relevant to allegation against him he served as a Agency Medical Director for IDOC. Strickler was aware of and particpated in the denial of Mr. Wagner's medical care at Stateville and Western C.C. Defendant Strickler is being sued in his individual capacity.

14. Defendant Ghosh at all relevant to allegation against him served as a Medical Director at Stateville Correctional Center. Defendant Ghosh was aware of and participated in the denial of Mr. Wagner's medical care at Stateville Correctional center. Defendant Ghosh is being sued in his individual.

15. Defendant Carter, at all relevant to allegation against him he served as a Medical Director at Stateville Correctional Center. Defendant Carter was aware and participated in the denial of Mr. Wagner's medical care at Stateville Correctional Center. Defendant Carter is being sued in his individual capacity.

16. Defendant Baker, at all relevant to allegation against him he served as a Medical Direct at Western Correctional center. Defendant Baker is sued in his individual capacity.

17. Defendant Fuqua, at all relevant to allegations against her served as HealthCare Administrator at Western Correctional Center. Defendant Fuqua

was aware and participated in the denial of Mr. Wagner's medical care at Western Correctional Center. Defendant Fuqua is being sued in her individual capacity.

18. Defendant Olayiaka, at all relevant to allegations against her served as the person would schedule inmates medical writs. Defendant Olayiaka was aware of and participated in the denial of Mr. Wagner's medical care at Stateville Correctional center. Defendant Olayiaka is being sued in her individual capacity.

19. Defendant Shoemaker, at all relevant to allegations against her served as the Director Of nurses at Western Correctional Center. Defendant Shoemaker was aware of and participated in the denial of Mr. Wagner's medical care at Western Correctional Center. Defendant Shoemaker is being sued in her individual capacity.

20. Defendant Goins, at all relevant to allegations against her served as a Grievance Officer at Western Correctional Center. Defendant Goins was aware and participated in the denial of Mr. Wagner's medical care at Western Correctional. Defendant Goins is being sued in her individual capacity.

21. Defendant Joe and Jane Doe Counselors at all relevant to allegations against them served as Counselors at Stateville and Western C.C. Defendant Joe and Jane Doe was aware and participated in the denial of Mr. Wagner's medical care at Stateville and Western C.C. Defendant Joe and Jane Doe is being sued in their individal capacity.

## FACTUAL ALLEGATION

### Mr. Wagner's Serious Medical Conditions

Denial Of Adequate Medical Treatment For Extreme Constipation, After Serving A Large Amount Of Soy Foods, Which causes Chronic and Painful Constipation.

5

22. Mr. Wagner is in custody of IDOC and housed at Western C.C in Mt. Sterling, Illinois.

23. The Acts and Omission upon which this complaint is based on while Mr. Wagner was in the custody of IDOC.

24. On April 9, 2009, Mr. Wagner during a medical visit told Nurse Practitioner that he believes the soy is making him constipated and he was prescribed some medication.

25. That on August 25, 2010, Mr. Wagner told the Nurse Practioner that he was constipated and needed a colonscopy.

26. On July 14, 2011, Mr. Wagner filed a grievance complained that the soy in his diet caused him stomach pain and bowel movement issues. See ex.1.

26. That Mr. Wagner continued to complain about extreme constipation at Statevillee-until he transferred to Western C.C.

27. On August 13, 2012, Mr. Wagner was seen by Dr. Baker at Western CC. and he told Dr. Baker he was constipated, but Baker refused to see Mr. Wagner for constipation. He referred Wagner to put in for sick call.

28. On October 15, 2012, again Mr. Wagner told Dr. Baker he was constipated Dr. baker told Mr. Wagner he was not seeing him for that and that he had to put in for sick call.

29. On October 16, 2012. Mr. Wagner was seen by a Nurse Practioner and he advised her that he was constipated and she prescribed Mr. Wagner Colace cap for 6 months

30. That Mr. Wagner complained about constipation throughtout 2012, 2013, and 2014.

31. That on August 17, 2014, Mr. Wagner filed an emergency grievance because Dr. Baker refused to see him during a Hypertension Clinic visit for extreme constipation. See Ex.2.

### Denial Of Adequate Medical Care for Gastroesphagel Reflux Disease

32. On August 19, 2010, Mr. Wagner showed a med tech blood spray on his pillow after waking up.

33. On November 17, 2010, Mr. Wagner was seen by Dr. ghosh at Stateville C.C. for spitting up blood and nothing was done.

34. On January 6, 2011, Mr. Wagner was referred for an Ear, Nose and Throat Specialist.

35. On April 19, 2011, Mr. Wagner complained blood on his pillow and has a lot of phem collected in his throat.

36. On May 3, 2011, Mr. Wagner was sent to the ENT Specialist and the Medical Practioner recommended possible of upper GI Specialist or Pulmonary work up for the spitting up blood.

37. Mr. Wagner wrote several complaints and grievances when he wasn't sent out to an GI specialist.

38. On May 14, 2012, Mr. Wagner was seen for spitting up blood again. Dr. Shute finally referred Mr. Wagner to a GI Specialist. (at this point Mr. Wagner had complained numerous of time about spitting up blood 8/25/10, 10/8/10, 12/7/10, 12/27/10, 1/6/11, 2/16/11, 4/12/11, 4/19,11, 5/2/11, 6/24/11. 8/26/11, 9/9/11, 10/3/11, 1/25/12, 3/19/12 and 5/14/12)

39. On august 13, 2012 Mr. Wagner was seen by Defendant Baker and he informed Defendant Baker, that before he left Stateville C.C he was suppose to be scheduled to see a GI Specialist.

40. That Dr. Baker refused to send Mr. Wagner out to the Upper GI Specialist. See Ex.6.

41. As a result of the Defendants' refusals to provide Mr. Wagner with adequate medical care to treat Mr. Wagner's serious medical conditions. Mr. Wagner has endure unnecessary and unreasonable pain and suffering.

Defendant Quinn and Godinez

42. Defendant Quinn is the Governor of the State of Illinois and Defendant godinez is the Director of the Illinois Prisons. Both the above defendants employs the non medical/medical defendants responsible for the violation of Mr. Wagner's rights under the 8th Amendment. At all relevant to this complaint Defendant Quinn and Godinez maintained a policy, procedure or practice at Stateville and Western C.C. to serve **Soy Studded Food, which caused Mr. Wagner chronic and painful constipation, pain in his digestive tract, especially, after consuming soy.** See Ex.

43. Defendant Quinn and Godinez efforts to cut cost, they has a wide spread practice of serving **Soy Studded and Soy Enhanced Foods, such as, Chili mac, turkey Patties w/Soy, Country gravy, Soy Blended Hot dogs, Soy Spiked Sloppy Joes, Polish Sausage packed w/soy and Soy Chichen patties.**

44. Both Defendant Quinn and Godinez knew the large amount of soy products would cause numerous types of health problems and medical conditions and they still allowed it to be served in the Illinois Department Of Corrections.

45. Mr. Wagner was and is harmed by defendant Quinn and Godinez express policy of serving soy products. Mr. Wagner was also harmed by Defendant Quinn and Godinez for failing to fix this known problem within IDOC, Many inmates are complaining about major constipation relating to the food.

46. As a direct and proximate result of the unconstitutional policies, procedures and practices of Defendant Quinn and Godinez Mr. Wagner was/and is forced to endure years of unnecessary and unreasonable pain and suffering.

Wexford Health Source Inc

47. Defendant Wexford employs the medical defendants responsible for the violation of Mr. Wagner's eigth amendment rights. At all relevant to this

8

complaint Wexford maintained a policy, procedure or practices at Stateville and Western C.C. under which inmates with serious medical conditions such as Mr. Wagner were denied access to adequate medical care.

48. Wexford maintained a policy, procedure or practice at Stateville and Western C.C. in which its employees were not adequately trained on how] to process and treat inamtes with serious medical condition within an appropriate time; in which it failed to appropriately staff the health care at Stateville and Western C.C. in order to allow the inmates to receive appropriate medical care within a reasonable time; and in which it failed to train, supervise and discipline health care unit employees who neglected the needs of inmates.

49. Wexford lacks a procedure for the treatment of chronic constipation and GI problems and further lacks medical personnel competent to treat these conditions. Rather, than referring Mr. Wagner who suffers from these maladies to an outside specialists, Wexford simple denies them treatment in order to cut costs.

50. Mr. Wagner was harmed by Wexford's express policy of failing to provide Mr. Wagner with appropriate medical care and Wagner was harmed by Wexford where they constantly denies Mr. Wagner with adequate care.

51. As a direct and proximate result of the unconstitutional policies procedure and practices of Wexford, Mr. Wagner was forced to endure year of unnecessary and unreasonable pain and suffering.

**Defendant O'Hallan**

52. On Information and belief, Defendant O'Hallan was and/is charged with responsibilies of all emplyees at Stateville and Western Corectional Ctr.

53. Defendant O'Halln has consistently ignosed Mr. Wagner's pleas for medical attention for his serious medical condition for years.

54. That Mr. Wagner wrote Defendant O'Hallan on numerous occasions and informing him that Wexford employees at Stateville and Western C.C were not providing him with adequate medical care and that he was/ and is left in stomach pain and that he was spitting up blood in his sleep and that he was being denied an opportunity to go to the GI specialist to found out why he was spitting up blood.

55. Defendant O'Hallan took no action to ensure that Mr. Wagner received adequate medical care and treatment. As a result, Mr. Wagner was forced to endure unreasonable and unnecessary pain and suffering.

**Defendant Gedman**

56. Defendant Gedman was/and is the Vice President of Wexford Source Inc. Mr. Wagner wrote the Defendant numerous of letters complaining he was denied medical care by her employees, who would not provide adequate medical care to him spitting up blood and the extreme constipation.

57. Defendant Gedman took no action to ensure that Mr. Wagner received adequate medical care and treatment. As a result, Mr. Wagner was force to endure unreasonable, unnecessary pain and suffering.

**Defendant Edwards**

58. Defendant Edwards was an Assistant Warden at Stateville C.C. Mr. Wagner wrote numerous letters to Defendant Edwards about him spitting up blood and that his throat was feeling a restriction in his throat and he was throwing up and he needed to see a doctor. And Defendant Edwards was the Warden over the Stateville medical Unit, and he did not do anything to ensure Mr. Wagner seen a medical doctor, thereby leaving Wagner to suffer.

59. Defendant Edwards took no action to ensure that Mr. Wagner received adequate medical care and treatment. As a result, Mr. Wagner was force to endure unreasonable, unnecessary pain and suffering.

### Defendant Strickler

60. Defendant Strickler is an Illinois Department of Correctional Agency medical Director Doctor. Mr. Wagner wrote Defendant Strickler letters complaining about not receiving adequate medical care concerning him spitting up blodd and that his throat was really sore and he was throwing up. Mr. Wagner also wrote Defendant Strickler a letter concerning the lack of medical care for extreme constipation. Mr. Wagner told Defendant Strickler that Dr. Baker would not see him during his Hypertension Clinic visit. Wagner told Defendant Strickler he was feeling stomach pain and Defendant Baker would not do anything about his pain, accept tell Mr. Wagner to put in for sick call again. Defendant Strickler did absolutely nothing.

61. Defendant Strickler took no action to ensure that Mr. Wagner received adequate medical care. As a result, Mr. Wagner was forced to endure unnecessary and unreasonable pain and suffering.

### Defendant Ghosh

62. Defendant Ghosh was the Medical Director at Stateville C.C.. He was well aware of Mr. Wagner suffering with Gastroespagel Reflux Disease (GERD Disease) and Ghosh was aware that Mr. Wagner was spitting up blood in his sleep and his throat was always sore and Mr. Wagner was throwing up. Defendant Ghosh was aware of this through letters, grievances and Wagner was seen numerous of times complaining about spitting up blood. 8/25/10, 10/8/10/, 12/7/10, 1/6/11, 2/16/11, 4/12/11, 4/19/11, 5/2/11, 6/24/11, 8/26/11, 9/9/11, 10/3/11, 1/25/12. 3/19/12 and 5/14/12. Defendant Ghosh did not ensure Mr. Wagner received adequate medical care concerning his serious medical condition.

63. Defendant Ghosh was told by Mr. Wagner that the Soy food served in the prison dietary was making him constipated. Defendant Ghosh would not treat Mr. Wagner for the constipation, but only left him to suffer with

stomach pains and cramps.

64. Defendant Ghosh took no action to ensure that Mr. Wagner received adequate medical care and treatment. As an result, Mr. Wagner was force to endure years of spitting up blood and extreme constipation which causes unreasonable and unnecessary pain and suffering.

**Defendant Carter**

65. Defendant Carter was a Medical Director at Stateville C.C. Carter was well aware of Mr. Wagner's Gerd Disease. Mr. Wagner made him aware of his condition through numerous medical visits and letters or grievances he had written up complaining about the denial of medical treatment he was suffering from. Mr. Wagner told Defendant Carter that when he wake up sometime there would be blood on his pillow and that there feel like there's a lump in his throat. Defendant Carter did nothing to help Mr. Wagner eliminate his serious medical needs. See Ex. 3

66. Defendant Carter, also acted in retaliation against Mr. Wagner once he continued to complain about not receiving medical care. Defendant Carter told Mr. Wagner, "you want to complain about me, I putting you in the infirmary and you going to stay there until I say". Mr. Wagner filed an grievance against Defendant carter for acting in retaliation against him. See Ex. 4

67. Defendant Carter took no action to ensure that Mr. Wagner received adequate medical care or treatment. As an result, Mr. Wagner was force to endure unreasonable, unnecessary pain and suffering. See Ex. 5

**Defendant Baker**

68. Defendant Baker is the Medical Director at Western Correctional Center. Baker was well aware of Mr. Wagner spitting of blood and his GERD disease. Mr. Wagner saen Defendant Baker on August 13, 2012, and he informed Defendant Baker, that the prior Medical Director agreed that he needed to be

12

sent out to and upper GI Specialist (At Stateville) Defendant Baker refused to send mr. Wagner out to see the Specialist in attempt to save Wexford money by using a cost cutting measure. Instead he gave Mr. Wagner some very cheap medication (Protix) to try to combat Mr. Wagner Gerds Disease. Mr. Wagner continued to complain about spitting up blood and the feeling of his throat feeling dry and like a lump or a flap in his throat. Defendant Baker send Mr. Wagner out for a swallowing study, using a cheaper approach, instead of sending Mr. Wagner out to an Upper GI Specialist. The spitting out the blood continued, Defendant Baker then conducted sputum test, another ineffective procedure, for some one who is suffering with Gerds Disease. After that treatment, Defendant Baker stated he was going to conduct any further treatment concerning the spitting up blood. Mr. Wagner continued to spit up blood without any further treatment. (There has been no further follow ups after 4/18/13, or medicine provide either)

69. That Mr. Wagner also told Defendant Baker he was constipated on August 13, 2012, but Baker refused to see Mr. Wagner for the constipation. He told Mr. Wagner he was not seeing him for that. Mr. Wagner complained about extreme constipation throughout 2012, 2013, and 2014 and he has been put on several medication for the constipation.

70. That Mr. Wagner filed an emergency grievance because Dr. baker refused to see him during a Hypertesion Clinic medical visit for extreme constipation. See Ex.2. Mr. Wagner was left to suffer with unreasonable and unnecessary pain.

71. Defendant Baker took no action to ensure that Mr. Wagner received adequate medical care. As a result, Mr. Wagner was forced to endure unreasonable and unnecessary pain and suffering.

**Defendant Fuqua**

72. Defendant Fuqua is the Healthcare Administrator at Western C.C. Mr. Wagner informed her by letters and grievance from 2012 throughout 2014, that a Doctor at Stateville referred him to an Upper GI Specialist before he came to Western C.C and that he was currently spitting up blood. Defendant fuqua did absolutely nothing, but left Mr. Wagner to suffer.

73. Defendant Fuqua was also aware Mr. Wagner was/and is suffering with extreme constipation. Mr. Wagner has written letters to Defendant Fuqua complaining about this problem and she refuses to get involved. She did not medically schedule Mr. Wagner to see a doctor or a Nurse Practioner which she could have done, but instead ignored his request for her help and assistance. Defendant fuqua left Mr. Wagner in unreasonable pain and suffering.

74. Defendant Fuqua took no action to ensure that Mr. Wagner received adequate medical care. As a result, Mr. Wagner was forced to endure unnecessary and unreasonable pain and suffering.

**Defendant Shoemaker**

75. Defendant Shoemaker is the Director of Nurses at Western.- Correctional centr. Defendant Shoemaker was aware Mr. Wagner was/ and is suffering with extreme constipation. mr. Wagner has written her letter complaining about his stomach and she refuses to get involve. She did not medically schedule Mr. Wagner to see the Doctor or a Nurse Practioner, which she had the means to do, instead, she ignored Mr. Wagner's request for her help and assistance. Defendant Shoemaker left Mr. Wagner in pain.

76. Defendant Shoemaker took no action to ensure that Mr. Wagner received adequate medical care. As a result, Mr. Wagner was forced to ensure unreasonable and unnecessary pain and suffering

**Defendant Olayiaka**

77. Defendant Olayiaka was/ and is the person who is responsible to schedule inmates to see an outside specialist at Stateville C.C. Defendant Olayiaka was aware of Mr. Wagner was spitting up blood and throat problems. On January 6, 2011, Dr. ghosh referred Mr. Wagner to an Ear, Nose and Throat Specialist. It took Defendant Olayiaka over 4½ months to schedule Mr. Wagner to see the ENT Specialist.

78. Then on May 14, 2012, Dr. Shute ordered a refferral for Mr. Wagner to go to an outside upper GI Specialist. See Ex. 7  Defendant Olayiaka intentionally did not schedule Mr. Wagner's medical writ to see the GI Specialist at Stateville, after Mr. Wagner made her aware of the referral on numerous occasion.

79. On august 1, 2012, mr. Wagner was transferre to Western C.C. and Defendant Baker made it clear, he wasn't going to schedule Mr. Wagner to a GI Specialist, and Mr. Wagner was left in unreasonable suffering because of Defendant Olayiaka failure to act with a reasonable time and schedule Mr. Wagner to see a upper GI Specialist.

80. Defendant Olayiaka took no action to ensure that Mr. wagner received adequate medical care. As a result, Mr. Wagner was forced to ensure unnecessaary and unreasonable pain and suffering.

**Defendant Goins**

81. Defendant Goins is a Counselor/grievance Officer at Western C.C. mr. Wagner has filed numerous of grievances, which defendant Goins is the responsible party who picks up all the grievances at Western C.C

82. Defendant Goins duty is to investigate the grievances, however Mr Wagner's grievances disappears under her watch. leaving Wagner with no

---

Had Defendant Olayiaka scheduled Mr. Wagner's upper GI Specialist appointment There would have been a Medical hold placed on Mr. Wagner and he would not have been transferred from Stateville, until he seen the GI Specialist.

15

avenue to pursue his claims of medical denial.

83. Defendant Goins took no action to ensure Mr. Wagner received adequate medical care. As a result, Mr. Wagner was forced to endure unnecessary and unreasonable pain and suffering.

**Joe and Jane Doe Counselors**

84. Defendant Joe and jane Doe Counselors are or were counselors at Stateville and Western C.c. these counselors are/were responsible for investigating and responding to grievances pertaining to the denial of medical care or treatment.

85. That the above mentionen Defendants under their watch numerous of Mr. Wagner's grievances has disappeared, which suppose to be protected under the first amendment.

86. Defendant Joe and Jane Doe Counselor took no action to ensure that Mr. Wagner received adequate medical care. As a result, Mr. Wagner was forced to endure years of unnecessary and unreasonable pain.

## CLAIMS

### COUNT I.

**Section 1983 Claim for Inadequate Access to Medical Care Against all Defendants**

87. Mr. Wagner realleges and incorparates by references Paragraghs 1-86 of this Complaint.

88. Pursuant to 42 U.S.C. § 1983 based on the Eighth Amendment, Mr. Wagner has a right to adequate access to medical care.

89. Defendants have deprived Mr. Wagner access to adequate medical care in violation of his Eighth Amendment rights.

90. For years, Defendanta failed to adequately address Mr. Wagner's numerous requests for medical care and complaints of serious pain and suffering, all which would indicate to any medical practitioner as well any

lay person, that he was in distress and required medical care.

91. Defendant knew or should have known that Mr. Wagner's serious medical conditions presented a substantial risk of serious harm to his health.

92. Defendants' conduct was wilful, wanton, malicious and in reckless disregard of Mr. Wagner's right as a result of Defendants' conduct.

## CLAIM II.

### Section 1983 Claim for Retaliation Against Defendant Carter, Goins, Joe and Jane Doe Counselors

93. Mr. Wagner realleges and incorparates by reference Paragraphs 1-86 of this Complaint.

94. Pursuant to 42 U.S.C. §§ 1983 and 1988, based on the first and the eighth amendment, Mr. Wagner has a right to seek legal redress of grievances.

95. By complaining about inadequate medical care, Mr. Wagner's grievance were not answered and actually disappears under the watch of Defendant Goins and Joe and Jane Doe Counselors.

96. These Defendants suppose to protect Mr. Wagner's protected rights which they do not, instead, acts in a retaliatory way.

96. That Defendant Carter acted in retaliation when he stated, you want to complain about me, I'm putting you in the infirmary and you going to stay until I say. And put Mr. Wagner in the infirmary in a seg status.

97. That the Defendants acted in retaliation against Mr. Wagner for exercising his constitutional rights were a substantial or motivating factor underlying the Defendants' conduct.

98. The Defendants has violated Mr. Wagber's right under the First and eighth amendments.

17

JURY DEMAND

REQUESTED FOR RELIEF

WHEREFORE, Mr. Wagner requests that this Court:

A. Order Defendant to provide Mr. Wagner with access to adequate medical care and **stop serving Mr. Wagner soy products.**

(1) Sufficient and timely medical treatment to fully, adequately and permanently treat and repair Mr. Wagner's medical problems,

(2) Defendant Wexford Health Source Inc and Dr. baker to authorize independent medical evaluation and treatment for Mr. Wagner by an upper and lower GI Specialist at Springfield or Jacksonville Medical center.

(3) Defendant Wexford and Dr. Baker to authorize such follow up visits and or treatment for Mr. Wagner at Springfield or Jacksonville Medical center as are judged medically appropriate by the medical physicians either above medical centers.

(4) Defendant Wexford and Dr. Baker to administer treatment to Mr. Wagner consistent with the medical recommendations of Springfield or Jacksonville Medical Centers physicians and;

(5) Other such relief as this Court deems just and equitable under the circumstances.

B. Award compensatory damgaes in an amount to be determined to Mr. Wagner for his individual injuries, jointly and severally against Defendants.

December 22, 2014

Respectfully Submitted

Terry Wagner R-07282
2500 Rte 99, South
Mt. Sterling, Illinois
62353

18